UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

                    Plaintiff,

vs.                                    Case No.  2:07-cv-386-FtM-29SPC

EDWARD J. JABLONSKI, JR.,

                    Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on the following motions:
(1) defendant Edward Jablonski's (defendant or Jablonski) Motion
for Judgment on the Pleadings (Doc. #21) to which plaintiff St.
Paul Fire and Marine Insurance Company (plaintiff or St. Paul)
filed a Response (Doc. #30); (2) plaintiff's Motion to Dismiss
Counterclaim (Doc. #32) to which defendant filed a Response (Doc.
#44); and (3) plaintiff's Motion to Strike Defendant/Counter-
Plaintiff's Demand for Jury Trial (Doc. #28) to which defendant
filed a Response (Doc. #38).

## I.

Judgment on the pleadings pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure is appropriate when "no issues of
material fact exist, and the moving party is entitled to judgment
as a matter of law based on the substance of the pleadings and any

judicially noticed facts." Andrx Pharmaceuticals, Inc. v. Elan Corp., PLC, 421 F.3d 1227, 1233 (11th Cir. 2005). The Court must first determine the facts, and then apply the law to those facts. Horsley v. Feldt, 304 F.3d 1125, 1133 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Horsley v. Rivera, 292 F.3d 695, 700 (11th Cir. 2002).

## II.

Between the Amended Complaint (Doc. #6) and the Answer, Affirmative Defenses (Doc. #15), the following facts are established: On August 13, 2004, Hurricane Charlie damaged defendant Jablonski's vessel the "S/V Willpower." Jablonski timely filed a claim with St. Paul pursuant to the terms of an insurance contract covering the vessel. The parties failed to reach an agreement on the extent of the damage and the cost of repairs, and ultimately a state court judge appointed an umpire to resolve the dispute. On January, 13, 2007, the umpire issued his report outlining the scope of damage and placing the cost of repairs at $341,284. On February 22, 2007, St. Paul sent defendant a check for $190,125.11, representing the cost of repairs as set forth in the umpire's report minus defendant's deductible ($10,500), previous payment ($80,000) and depreciation ($60,658.89). Defendant was not satisfied with the payment of $190,125.11, and sought additional payments from St. Paul. On July 16, 2007, in an

-2-

attempt to resolve the dispute, St. Paul "agreed to waive the depreciation clauses in the insurance contract on without prejudice basis" and paid defendant the $60,658.89 originally withheld.  The parties agree that plaintiff has paid a total of $330,784.00 to defendant for the loss of his vessel on August 13, 2004.  This constitutes the amount set forth by the umpire less the deductible.

St. Paul filed the Amended Complaint seeking a declaration that: (1) St. Paul has paid Jablonski the amount of $330,784; (2) the amount paid  by St. Paul to Jablonski is the total amount due based upon the Umpire's Appraisal and Report after the amount is adjusted per the terms of the insurance policy; and (3) St. Paul has no other obligations to Jablonski for the damage to his vessel. (Doc. #6, p. 4.)  Defendant filed an Answer and Affirmative Defenses on September 19, 2007 (Doc. #5).

### III.

Defendant Jablonski seeks dismissal of St. Paul's declaratory action because the prior dispute became moot with the payment of the $60,658.89.  Jablonski asserts that the pleadings establish that it is undisputed that St. Paul has now paid the full amount owed under the insurance policy.  Therefore a case or controversy no longer exists, thus precluding the Court from continuing to have subject matter jurisdiction over the declaratory action.  (Doc. #21, pp. 1-2.)

St. Paul's Response counters that defendant's May 17, 2007, letter threatening to "initiate a lawsuit for millions" of dollars

establishes a case or controversy.  (Doc. #30, p. 9.)  St. Paul also asserts that Jablonski's Answer to the Amended Complaint (Doc. #15) establishes the existence of a case or controversy because he asserts that St. Paul is not entitled to the relief sought in the Amended Complaint and that he has "suffered consequential damages as a result of St. Paul's actions and omissions." (Doc. #30, p. 10.)

**(1)**

Article III of the Constitution allows federal courts to decide only cases or controversies. See U.S. CONST. art. III.  An action which has become moot at any stage of the proceedings is not a case or controversy and must be dismissed for lack of jurisdiction. BankWest, Inc. v. Baker, 446 F.3d 1358, 1363 (11th Cir. 2006).  A case is moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. Smith v. Allen, 502 F.3d 1255, 1266 (11th Cir. 2007); BankWest, 446 F.3d at 1364.  A case can become moot due to a change in factual circumstances or a change in law, and either requires dismissal. BankWest, 446 F.3d at 1364.  Where the facts change after the filing of a declaratory judgment action, and the change results in the determinations sought by plaintiff, a court cannot provide meaningful relief and the case is moot. Sande v. United States, 259 Fed. Appx. 191 (11th Cir. 2007).

**(2)**

Upon review of the pleadings, the Court finds that the declaratory judgment action is moot. St Paul's first requested declaration is that it "has paid to Jablonski the amount of $330,784.00." It is clear that this fact has been admitted by defendant and is not in dispute. (Doc. #15, ¶20.)

St. Paul's second requested declaration is that "the amount paid to Jablonski by St. Paul is the total amount due based upon the Umpire's Appraisal and Report after the amount is adjusted per the terms of the insurance policy." While defendant denied St. Paul's was entitled to a declaratory judgment, defendant admitted "that St. Paul has now paid the amount owed under the insurance contract for the loss sustained to the S/V Willpower on or about August 13, 2004." (Doc. #15, p. 3.) Additionally, the First Affirmative Defense states that "[f]ollowing the appraisal, St. Paul ultimately paid Jablonski the full amount of the appraisal award, without deduction for what it termed 'non-covered items' or depreciation in order to satisfy its obligations under the insurance contract. Jablonski accepted St. Paul's payment under the contract." The Fourth Affirmative Defense states that "St. Paul has now paid Jablonski the full amount of the appraisal award, . . . ." The Fifth Affirmative Defense also states that "St. Paul has now paid Jablonski the full amount of the appraisal award, . . . ." The Court finds that the judicial admissions by defendant concede that the amount paid to Jablonski by St. Paul is the total

amount due based upon the Umpire's Appraisal and Report after the amount is adjusted for the deductible per the terms of the insurance policy, and that no factual dispute remains.

St. Paul's third requested declaration is that "St. Paul has no other obligations to Jablonski for the damage to his sailboat." The Court finds that the statements in the Answer and Affirmative Defenses set forth above also constitute a judicial admission that St. Paul has no other obligations to Jablonski for the damage to his sailboat, and that no factual dispute remains.

St. Paul's Response mischaracterizes its requested relief in the declaratory action.  St. Paul asserts that the relief it seeks is "a declaration from this Court that it has timely met all obligations to Defendant arising from the contract of insurance," (Doc. #30, pp. 11-12), and that "St. Paul timely satisfied its contractual obligations within the time specified by the statute." (Doc. #30, pp. 12-13.)   St. Paul argues that "the issue of when St. Paul did so remains hotly disputed."   (Doc. #30, p. 11.) Nothing in the "Wherefore" provision of the Amended Complaint seeks a declaration of the timeliness of St. Paul's actions.  Similarly, nothing in the "Wherefore" provision of the Amended Complaint seeks a declaration that no further money is due "*ex-contractu* under Florida statutes."  (Doc. #30, p. 8.)

The Court concludes that the declaratory judgment action set forth in the Amended Complaint is moot.  Therefore, the Amended Complaint (Doc. #6) will be dismissed for lack of jurisdiction.

**IV.**

Also before the Court is Plaintiff's Motion to Dismiss Counterclaim (Doc. #32) which seeks to dismiss Jablonski's one count Counterclaim for bad faith (Doc. #15).  Specifically, St. Paul asserts that it can "not be compelled to litigate a claim for bad faith unless and until there has been a ruling that the insurer breached the policy terms."  (Doc. #32, p. 8.)  St. Paul argues that the Amended Complaint seeks a declaration that it has complied with all contractual obligations and thus the bad faith claim is not ripe until such a determination is made.  (Id.)

Plaintiff is correct that a bad faith claim cannot be litigated simultaneously with a coverage dispute.  See Progressive Select Ins. Co. v. Shockley, 951 So. 2d 20 (Fla. 4th DCA 2007)(finding that a plaintiff may not proceed simultaneously on a claim to determine liability or damage and a bad faith claim.) However, in light of the Court's ruling that the Amended Complaint has been rendered moot by defendant's Answer and Affirmative Defenses (Doc. #15), the bad faith claim is now ripe.  Therefore, St. Paul's Motion to Dismiss Counterclaim is denied.

**V.**

Also before the Court is St. Paul's Motion to Strike defendant's jury demand (Doc. #28).  St. Paul asserts that it chose to proceed under the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and FED. R. CIV. P. 9(h) when bringing their declaratory action.  (Doc. #28, p. 1.)  St. Paul argues that

neither party is entitled to a jury trial in a case proceeding under the Court's admiralty jurisdiction.

The Court finds that, in light of its determination that St. Paul's Amended Complaint (Doc. #6) is moot, Jablonski is entitled to a jury trial on his Counterclaim for bad faith. Jablonski's Answer resolved all issues relating to coverage, thereby mooting out the declaratory action. The Counterclaim is now the only action pending, and was brought under the diversity jurisdiction of the Court, which allows for a jury trial.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion for Judgment on the Pleadings (Doc. #21) is **GRANTED**, and the Amended Complaint (Doc. #6) is **dismissed as moot.**

2. Plaintiff's Motion to Dismiss Counterclaim (Doc. #32) is **DENIED.**

3. Plaintiff's Motion to Strike Defendant/Counter-Plaintiff's Demand for Jury Trial (Doc. #28) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this ___5th___ day of May, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record