UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDWARD J. JABLONSKI, JR.,

    Plaintiff,

vs.                        Case No. 2:07-cv-386-FtM-29SPC

ST. PAUL FIRE AND MARINE INSURANCE
COMPANY,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on the following motions: (1) Defendant's Motion to Exclude Plaintiff's Designated Expert, Gary T. Fye (Doc. #186); (2) Defendant's Motion to Exclude Plaintiff's Designated Expert, Stephen Prater (Doc. #187); (3) Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosures (Doc. #193); and (4) Defendant's Motion for Leave for Defendant to Supplement its Designation of Expert Witness (Doc. #199). Responses (Docs. ##200, 206, 207, 212) were filed to all motions.

**I.**

    The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence

> or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharms., 509 U.S. 579 (1993) the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*), cert. denied, 544 U.S. 1063 (2005).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at issue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. v. Club Car (Quebec) Imp., Inc., 362 F.3d 775, 780 (11th Cir.), cert. denied, 543 U.S. 1002 (2004). See also United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying the proper foundation for the admission of expert testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter

Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert

testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

**II.**

As a preliminary matter, plaintiff seeks to strike defendant's November 17, 2008 Supplemental Designation (Doc. #177) and defendant seeks leave to supplement its designation of expert witnesses to rebut the testimony of Mr. Prater. Plaintiff asserts that the supplemental designation is untimely because the reports were not provided by the November 17, 2008 deadline.

Although the reports were not provided by the deadline to designate the rebuttal witnesses, the witnesses were in fact named and designated by the deadline. The Court finds no prejudice to plaintiff if the reports were not available immediately, and in light of the findings below regarding Mr. Prater, the Court will deem the Supplemental Designation (Doc. #177) timely filed. To the

extent not provided by the date of this Order, defendant shall produce the reports and experts for deposition forthwith.

### III.

**A. Gary T. Fye (Doc. #186):**

Defendant seeks to exclude plaintiff's designated expert Gary T. Fye. Mr. Fye has been a "Claim Practices" analyst since 1999. Mr. Fye states that he has provided expert testimony for insurance claims in 17 states, including Florida, and that he has spoken to lawyer groups and bar associations. From 1976 to 1999, Mr. Fye was a licensed independent adjuster. Prior to 1976, Mr. Fye worked primarily as a claims adjuster. (Doc. #186, pp. 2, 20.) Based on the Curriculum Vitae, it would appear that Mr. Fye has sufficient knowledge and experience to qualify him as an expert. The Court does not find that licensing or extensive experience specific to Florida is required for a determination that Mr. Fye is qualified.

As part of the opinion and conclusions, Mr. Fye concluded that defendant "violated insurance industry standards for unfair claim practices rules by failing to investigate appropriately, respond to inquiries, and accept a covered claim in a timely manner. . . . [defendant] invested the insured's funds for its own account and the record doesn't show any attempt to reimburse the insured for the use of his benefits." (Id. at 6-7.) Mr. Fye described his methodology in rendering the opinion (Doc. #186-2, p. 22), and his deposition further expounded on his sources of information

regarding claims specific to Florida (Doc. #204-2, p. 159). Therefore, Mr. Fye's opinion is sufficiently reliable to assist the trier of fact. The issues raised by defendant regarding discrepancies in Mr. Fye's past testimony and experience will of course be subject to impeachment if Mr. Fye testifies. The motion to exclude Mr. Fye will be denied.

**B. Stephen Prater (Doc. #187):**

Defendant seeks to disqualify Stephen Prater as cumulative and duplicative of Mr. Fye. Mr. Prater is an attorney admitted in California and has been teaching insurance law at Santa Clara University School of Law for 26 years. Mr. Prater works as a consultant on insurance issues, has been a featured or key-note speaker at more than 200 seminars and conventions, and has served as a Training Office for Civil Service Employees Insurance Company in San Francisco for the last 10 or so years. (Doc. #187-2, pp. 1-4, 26.) Mr. Prater states that he has been asked to provide a basic tutorial regarding "relevant standards/practices in the insurance industry." (Id. at 7.) Mr. Prater has also provided an opinion based on the specific facts of this case, using the record as provided and listed in Exhibit A. (Id. at 16-24, 25.) As stated for Mr. Fye, the Court finds that Mr. Prater is sufficiently qualified to testify in Florida, that his experience and knowledge demonstrate reliability, and that the testimony would aid the trier of fact. That being said, his opinions would be subject to objection by counsel, including any legal conclusions that Mr.

Prater may make, if presented at trial.  The motion to exclude his testimony will be denied.

Accordingly, it is now

**ORDERED**:

1. Defendant's Motion to Exclude Plaintiff's Designated Expert, Gary T. Fye (Doc. #186) is **DENIED**.

2. Defendant's Motion to Exclude Plaintiff's Designated Expert, Stephen Prater (Doc. #187) is **DENIED**.

3. Plaintiff's Motion to Strike Defendant's Supplemental Expert Disclosures (Doc. #193) is **DENIED**.

4. Defendant's Motion for Leave for Defendant to Supplement its Designation of Expert Witness (Doc. #199) is **GRANTED, *nunc pro tunc.***

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of January, 2009.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record