IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| EDWARD J. JABLONSKI, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:07-cv-00386 |
| | ) |
| ST. PAUL FIRE AND MARINE | ) |
| INSURANCE COMPANY, | )   Senior Judge Thomas A. Wiseman, Jr. |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER:**
**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Before the court is the motion for partial summary judgment (Doc. No. 190) filed by plaintiff Edward Jablonski. In this motion, Jablonski seeks judgment in his favor solely as to the very limited issue of St. Paul's liability for violating Fla. Stat. § 624.155(1)(i)(3)(b), based upon the apparently undisputed fact that adjuster Cynthia Love sent a letter to Plaintiff in which she made material misrepresentations as to the terms of his insurance policy. The motion has been fully briefed and is ripe for consideration. The parties have diverse citizenship and the amount in controversy exceeds $75,000, so this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

In his motion, Plaintiff indicates that he seeks judgment solely as to liability under Fla. Stat. § 624.155(1)(i)(3)(b), and that the issues of damages, both consequential and punitive, will be left for the jury to determine. The problem with this position, in short, is that damages are an element of the Plaintiff's cause of action, and a finding that the Defendant violated a statutory provision without a concomitant finding that this violation resulted in injury to the Plaintiff would not lead to a finding of liability. *See Franklin v. Minn. Mut. Life Ins. Co.*, 97 F. Supp. 2d 1324, 1329 (S.D. Fla. 2000) (holding that an insured cannot bring a bad-faith action under Florida law where the insured suffered no damages as a result of insurer's alleged bad faith denial of her claim); *see also* Fla. Stat. § 624.155(4) ("Upon adverse adjudication at trial or upon appeal, the authorized insurer shall be liable for damages, together with court costs and reasonable attorney's fees incurred by the plaintiff."); *id.* § 624.155(8) ("The damages recoverable pursuant to this section shall include those damages which are a reasonably foreseeable result of a specified violation of this section by the authorized insurer[.]"). Because, as Plaintiff apparently

concedes, there is a disputed issue of fact as to whether he suffered damages resulting from the Defendant's apparent misrepresentation, the Plaintiff's motion must be, and is hereby, **DENIED**.

It is so **ORDERED**.

_Thomas A. Wiseman, Jr._
Thomas A. Wiseman, Jr.
Senior U.S. District Judge
Sitting by Designation in the
Middle District of Florida